UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-12078-RGS

JEREMY A. MORIN,
also known as Kelsea Morgan

v.

MAURA T. HEALEY, Governor, and KIMBERLY DRISCOLL, Lt. Governor

ORDER

March 6, 2026

STEARNS, D.J.

Plaintiff, proceeding *pro se*, initiated this action by filing a Complaint against Governor Healey and Lieutenant Governor Driscoll alleging, among other things, that they each failed to respond to Morin's self-prepared petition seeking a pardon.  Doc. No. 1.

On November 12, 2025, the court entered a Memorandum and Order that allowed Morin's motion for leave to proceed *in forma pauperis*, assessed the filing fee pursuant to 28 U.S.C. § 1915(b)(2), and directed the filing of an Amended Complaint.  Doc. No. 4.  Morin was advised, among other things, that the Complaint failed to allege a plausible claim under 42 U.S.C. § 1983 and Title II of the ADA.  *Id.*  The Order explained that parole decisions are discretionary and if otherwise constitutionally exercised, the judiciary may not interfere.  *Id.*

Now before the court is Morin's Amended Complaint.  Doc. No. 8. However, the Amended Complaint fails to remedy the pleading deficiencies in the original Complaint.  Morin references *Garcia-Gasualdo v. Honeywell Aerospace of P.R., Inc.*, 135 F.4th 10 (1st Cir. 2025) and *Rivera-Diaz v. Humana Insurance of P.R., Inc.*, 748 F.3d 387 (1st Cir. 2014) because they "have some similiar (sic) issues as this action involves and why this action that the Plaintiff is filing."  *Id.* at 5 – 6.  Morin's reliance on these cases is misplaced because *Garcia-Gasualdo* concerns receipt of the notice of the right to sue under the ADA and Title VII and *Rivera-Diaz* v concerns the fact that filing a charge with the EEOC does not toll the statute of limitations under Title VII or the ADEA.  The Amended Complaint fails to remedy the pleading deficiencies in the original Complaint.  It thus does not "plausibly narrate a claim for relief."  *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012).

Plaintiff is reminded that to the extent she seeks release from confinement, a challenge to the fact or duration of confinement may only be pursued through a petition for writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  If plaintiff wishes to challenge in federal court the validity of her confinement, she may do so, with the attendant procedural and exhaustion requirements, by bringing a petition for a writ of habeas corpus.

For the foregoing reasons, this action is DISMISSED for failure to state a claim upon which relief may be granted.   The clerk shall enter a separate order of dismissal.

SO ORDERED.

  /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE